IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL E. ARCHULETA,<br><br>Plaintiff,<br><br>v.<br><br>C.O. WIDLUND, et al,<br><br>Defendants.<br>_____ | No. C 06-3406 JSW (PR)<br><br>**ORDER OF SERVICE OF DELIBERATE INDIFFERENCE CLAIM AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 3) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights while incarcerated there and at California State Prison-Lancaster. On June 13, 2006, Plaintiff filed another complaint form, which the Clerk is now directed to file as Plaintiff's First Amended Complaint. Plaintiff also seeks leave to proceed in forma pauperis (docket no. 3), which is GRANTED in a separate order filed simultaneously. The Court will order the claims regarding deliberate indifference to Plaintiff's safety needs served as to Defendant Widlund. For the reasons set forth below, Plaintiff's claims against the Lancaster Defendants are DISMISSED without prejudice to filing a separate action in the proper jurisdiction.

## STATEMENT OF FACTS

Plaintiff alleges that Correctional Officer Widlund at Salinas Valley State Prison was deliberately indifferent to his safety in failing to protect him from an attack by

inmate Cato. Plaintiff contends that on March 13, 2006, Plaintiff informed him that his life was in danger from his cellmate, but that Widlund failed to take any action to protect him. Plaintiff alleges that he was attacked later the same day. Plaintiff seeks damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

I.  <u>Deliberate Indifference Claim</u>

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* at 833; *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer*, 511 U.S. at 834.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See Farmer*, 511 U.S. at 842. As such, Plaintiff's claims against Defendant Widlund will be served as set forth below.

II     Joinder of Claims

Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just. F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In this case, Plaintiff asserts several unrelated claims against different Defendants from different prisons arising out of different occurrences. Plaintiff's complaint involves one officer's failure to protect him from another inmate as well as a separate excessive force claim against Officers Franklin and Rodriguez of Lancaster State Prison. Because these claims are not properly joined, the claims against the Lancaster Defendants are therefore DISMISSED without prejudice to filing a separate action against them in the proper jurisdiction. Defendants Franklin and Rodriguez are TERMINATED as parties to this action.

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim of deliberate indifference to his safety needs against Defendant Widlund of Salinas Valley State Prison.  All other Defendants are DISMISSED.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon:

**Corrections Officer Widlund, Salinas Valley State Prison, P. O. Box 1020, Soledad, California, 93960-1020.**  The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary

4

|   | judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. |

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the

document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 16, 2006

_____
JEFFREY S. WHITE
United States District Judge