1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ARCHULETA,                    )    No. C 06-3406 JSW (PR)
                                     )
                Plaintiff,           )    **ORDER GRANTING DEFENDANT'S**
                                     )    **MOTION TO DISMISS**
        v.                           )
                                     )    **(Docket no. 7)**
C.O. WIDLUND, et al,                 )
                                     )
                Defendants.          )
_____     )

        Plaintiff, a prisoner of the State of California, currently incarcerated at Salinas

Valley State Prison ("SVSP"), filed this civil rights action pursuant to 42 U.S.C. § 1983,

complaining of violations of his civil rights while incarcerated there and at California

State Prison Lancaster.  On June 13, 2006, Plaintiff filed an amended complaint, which is

now the operative pleading in this matter.  In the amended complaint, Plaintiff stated that

he had exhausted the complaint through the administrative appeals procedure, checking a

box reflecting that he had done so to the "highest level of appeal available" to him and

listed two administrative appeal numbers "LAC-S-05-03835 and SVSP-I-06-00906 on

the Court's form complaint.

        On October 16, 2006, the Court reviewed the allegations in the amended

complaint pursuant to 28 U.S.C. § 1915A(a) and ordered service of the claims regarding

deliberate indifference to Plaintiff's safety needs against Defendant Widlund regarding

an incident that occurred on March 13, 2006 at SVSP.  The Court dismissed Plaintiff's

unrelated claims of excessive force which allegedly occurred on October 14, 2005 at

California State Prison-Los Angeles County without prejudice to Plaintiff filing them in

the proper venue.  On December 14, 2006, Defendant Widlund moved to dismiss the

1  complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure based on

2  Plaintiff's failure to exhaust prison administrative remedies as mandated by the Prison

3  Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Plaintiff has not filed an opposition

4  to the motion.

**DISCUSSION**

5

6  A.  <u>Standard of Review</u>

7       Nonexhaustion under § 1997e(a) is an affirmative defense under the PLRA.

8  *Jones v. Bock*, 127 S. Ct. 910, 919 (2007).  Defendants have the burden of raising and

9  proving the absence of exhaustion.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.

10  2003).  A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion

11  rather than in a motion for summary judgment.  *Id.*  In deciding such a motion, the

12  district court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at

13  1119-20.  If the court concludes the prisoner has not exhausted nonjudicial remedies, the

14  proper remedy is dismissal without prejudice.  *Id.* at 1120.

15       The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

16  otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*,

17  126 S. Ct. 2378, 2382 (2006).  "The text of 42 U.S.C. § 1997e(a) strongly suggests that

18  the PLRA uses the term 'exhausted' to mean what the term means in administrative law,

19  where exhaustion means proper exhaustion."  *Id.* at 2387.  Therefore, the PLRA

20  exhaustion requirement requires proper exhaustion.  *Id.*  "Proper exhaustion demands

21  compliance with an agency's deadlines and other critical procedural rules because no

22  adjudicative system can function effectively without imposing some orderly structure on

23  the course of its proceedings."  *Id.* at 2386. (footnote omitted).

24       The State of California provides its prisoners the right to appeal administratively

25  "any departmental decision, action, condition or policy perceived by those individuals as

26  adversely affecting their welfare."  Cal Code Regs tit 15, § 3084.1(a).  In order to

27  exhaust available administrative remedies within this system, a prisoner must proceed

28  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a

CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v Ratelle*, 985 F Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal Code Regs tit 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *Id* at 1237-38. Title 15, section 3084.6(c) of the California Code of Regulations requires that inmates file an inmate appeal within fifteen working days of date of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

B.   <u>Analysis</u>

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

Here, Defendants correctly raise nonexhaustion in an unenumerated  motion to dismiss and argue that Plaintiff's prisoner action should be dismissed because Plaintiff did not exhaust available administrative remedies under § 1997e(a) before he filed suit. In support of the instant motion, Defendant attaches extensive documentation from the California Department of Corrections and Rehabilitation, including records of all of Plaintiff's inmate appeals made to the highest administrative level available, the Director's level of appeal. *See,* Declaration of N. Grannis in Support of Motion to Dismiss; Exhibit A. Defendant has also submitted the declaration from the Chief of the Inmate Appeals Branch, N. Grannis, attesting to the fact that Plaintiff only exhausted one

claim through the Director's level of the inmate appeal process after March 13, 2006 and that claim related to certain medical concerns of Plaintiff and not to the deliberate indifference to safety claim at issue here. *Id.*

Defendant has also provided the Court with copies of the appeal that Plaintiff refers to in his amended complaint, specifically LAC-S-05-03835. *See,* Declaration of S. Feudale in Support of Defendant's Motion to Dismiss, Exhibits D-F. The substance of the claim discusses the excessive force allegations against Officers Franklin and Rodriguez on October 14, 2005 at California State Prison-Los Angeles County.

Defendant has also submitted a declaration from Eloy Medina, the SVSP Inmate Appeals Coordinator, who attests to the fact that the second appeal that Plaintiff referred to in the amended complaint, SVSP-I-06-906, was in fact the same appeal as LAC-S-05-03835, but was assigned a new number at SVSP when Plaintiff appealed the decision after he was transferred there after denial of the original appeal at the first level at California State Prison-Los Angeles County. *See,* Declaration of E. Medina in Support of Motion to Dismiss at 2. Appeal LAC-S-05-03835 was assigned the new number SVSP-I-06-906 at SVSP after Plaintiff was transferred there. Although this appeal is identified in the amended complaint as having exhausted Plaintiff's claims, the subject matter of the appeal only relates to the incident which occurred at California State Prison-Los Angeles County on October 14, 2005, and not to the deliberate indifference to safety claim against Defendant Widlund at SVSP on March 16, 2006 at issue here. *Id.*

Defendant has also attached another of Plaintiff's inmate appeals, SVSP-06-01379, which relates to the one in the instant complaint because the subject matter is Plaintiff's retention in administrative segregation after prison disciplinary proceeding due to Plaintiff's altercation with inmate Cano on March 16, 2006. This appeal is related to the safety issue raised in the complaint against Defendant Widlund. *See* Feudale Declaration, Exhibit F. However, Plaintiff's appeal relates to housing after the altercation and does not mention Defendant Widlund or anything about the failure to warn him of the impending assault by inmate Cano. Further, Defendants have

documented that inmate appeal SVSP-06-01379 was not appealed to the Director's level, in that Plaintiff withdrew the appeal based on Plaintiff's satisfaction with the resolution at the first appeal level. *See,* Exhibit F, Declaration of Feudale.

Defendant has thoroughly documented the appeals process and Plaintiff's failure to exhaust the claims in the complaint through the highest level of administrative review. Although Plaintiff checked off a box on the complaint form stating that he appealed his claims through the highest level, that assertion is controverted by the evidence submitted by Defendant, which documents that Plaintiff's appeal in the complaint addressed the claim not served here and that it was not, in fact, exhausted through the Director's level. Moreover, Plaintiff has not submitted an opposition to the motion, in any way challenging Defendant's documentation or otherwise establishing exhaustion of the claim raised in the amended complaint. Consequently, Plaintiff's complaint will be dismissed without prejudice for failure to exhaust. *See Wyatt*, 315 F.3d at 1119-20 (holding where court finds lack of exhaustion, proper remedy is dismissal without prejudice).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to exhaust administrative remedies (docket no. 7) is GRANTED and the action is DISMISSED without prejudice. The Clerk shall terminate all pending motions as decided by this order, enter judgment and close the file.

IT IS SO ORDERED.

DATED:  June 12, 2007

_____
JEFFREY S. WHITE
United States District Judge